(84 South. 869)

GRIGGS v. STATE.    (5 Div. 300.)

(Court of Appeals of Alabama.   Feb. 3, 1920.)

1. CRIMINAL LAW ☞1090(19)—TESTIMONY IN RECORD WITHOUT BILL OF EXCEPTIONS NOT CONSIDERED.

Where the testimony is copied into the record, but not in the form of a bill of exception, it cannot be considered as such bill.

2. CRIMINAL LAW ☞1090(14) — WRITTEN CHARGES REFUSED NOT REVIEWABLE, IN ABSENCE OF BILL OF EXCEPTIONS.

In absence of bill of exceptions, written charges refused to defendant and incorporated in the record are not presented, so as to authorize the Court of Appeals to review them.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Monroe Griggs was convicted of burglary and grand larceny, and he appeals. Affirmed.

E. H. Glenn, Jr., of Opelika, for appellant. No brief came to the Reporter.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is regular, and in the absence of a bill of exceptions no other question is presented. 10 Ala. App. 85, 65 South. 262.

MERRITT, J. The defendant was indicted and convicted in the lower court, and sentenced to imprisonment in the state penitentiary for a term of three years.

[1] There is no bill of exceptions in this case, and more than three months has expired since the sentence was announced. The testimony is copied into the record, but not in the form of a bill of exception, and, of course, cannot be considered as a bill of exceptions. The indictment and judgment appear to be regular, and there is no error in the record.

[2] Several written charges, which were refused to appellant, are incorporated into the record; but, in the absence of a bill of exceptions, they are not presented in such a way as to authorize the court to review them. Payne v. State, 10 Ala. App. 85, 65 South. 262.

The case will be affirmed.

Affirmed.